UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY E BELCHER,

        Plaintiff,

    v.

KEITH DEVOS, et al.,

        Defendants.

CASE NO. 3:16-CV-05130-RJB-DWC

SECOND ORDER TO SHOW CAUSE OR AMEND

Plaintiff Troy E. Belcher, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. After reviewing the Original Complaint (Dkt. 7), the Court declined to serve the Original Complaint, but gave Plaintiff an opportunity to amend his pleading. Dkt. 8.

Plaintiff filed his First Amended Civil Rights Complaint on April 20, 2016. Dkt. 9. Having reviewed and screened Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's First Amended Complaint but provides Plaintiff leave to file an amended pleading by June 20, 2016, to cure the deficiencies identified herein.

# BACKGROUND

Plaintiff, who is currently housed at the Special Commitment Center (SCC) alleges his constitutional rights under the First, Fourth and Fourteenth Amendments have been violated. Dkt. 9.

On December 8, 2015, Plaintiff alleges Defendant Devos, Chief of Safety and Security of Operations at SCC, and Defendant Harris, Chief of Resident Life/Operations at SCC, ordered a search of Plaintiff's room. Dkt. 9 at 3, 5-6. Plaintiff alleges the search was done "without due process" and "without probable cause." *Id.* at 5. Plaintiff alleges another resident in his unit was caught with a cell phone. *Id.* Plaintiff alleges Defendant Devos also ordered Plaintiff to an intake cell where Plaintiff was strip-searched and "nothing was found." *Id.* Plaintiff alleges after the strip search, Defendant Devos confiscated Plaintiff's computer. *Id.* Plaintiff alleges he has had two room searches within a month and no contraband was found. *Id.*

Plaintiff alleges he knows Defendant Devos is specifically targeting Plaintiff because the search was done without an investigation and was based on another resident's "word of mouth." *Id.* at 5-6.  Plaintiff alleges his computer was returned to SCC and "nothing was found" but the computer has not been returned to Plaintiff. *Id.* at 7.

Plaintiff also alleges Defendant Harris did not provide Plaintiff with due process or equal protection and she is "being punitive" towards Plaintiff. *Id.* at 6.  Plaintiff alleges Defendant Harris allowed Plaintiff's "character to be assassinated with false accusations the plaintiff will have to defend himself against in later treatment session, and at Court." *Id.* at 7.  Plaintiff alleges Defendant Harris has not protected Plaintiff from harm of other residents or staff and has failed to "stand for her job title" and "acted unprofessionally." *Id.* at 7. Plaintiff alleges he has called his attorney requesting assistance and nothing has changed. *Id.* at 7.

1    Plaintiff seeks monetary damages and preliminary and permanent injunctions ordering

2  Defendants to stop retaliating against him. *Id.* at 10.

3                                    **DISCUSSION**

4    The Court is required to screen complaints brought by plaintiffs proceeding *in forma*

5  *pauperis* seeking relief against a governmental entity or officer or employee of a governmental

6  entity. 28 U.S.C. § 1915A. The Court must "dismiss the complaint, or any portion of the

7  complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief

8  may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

9  *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

10   In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

11 suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

12 the violation was proximately caused by a person acting under color of state law. *See Crumpton*

13 *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

14 identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

15 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

16 named defendants caused, or personally participated in causing, the harm alleged in the

17 complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

18   Plaintiff's First Amended Complaint suffers from deficiencies requiring dismissal if not

19 corrected in a second amended complaint.

20   **A.   Plaintiff is a Civil Detainee**

21   As an initial matter, the Court notes Plaintiff is not a prisoner. Plaintiff is serving a civil

22 commitment term at a secure facility. *See* Dkt. 9. As a civilly committed individual, Plaintiff is

23 entitled to more considerate treatment and conditions of confinement than criminals whose

24

1 | conditions of confinement are designed to punish. *Youngberg v. Romeo,* 457 U.S. 307, 319-22
2 | (1982) (stating that individuals who are involuntarily civilly committed have constitutionally
3 | protected rights under the due process clause to reasonably safe conditions of confinement). A
4 | civilly detained person cannot be subject to conditions amounting to punishment but legitimate,
5 | non-punitive government interests include "effective management of a detention facility." *See*
6 | *Jones v. Blanas,* 393 F.3d 918, 932 (9th Cir. 2004). Relying on *Youngberg,* the Ninth Circuit has
7 | held court decisions which define the constitutional rights of prisoners can be relied upon to
8 | establish a floor for the constitutional rights of those who are civilly detained as sexually violent
9 | predators. *Padilla v. Yoo,* 678 F.3d 748, 759 (9th Cir. 2012); *Hydrick v. Hunter,* 500 F.3d 978,
10 | 989 n. 7 (9th Cir. 2007). Thus, the Court proceeds to analyze Plaintiff's claims by considering
11 | decisions defining the rights of prisoners.

**B.     Failure to Protect**

Plaintiff alleges his "right to be safe" was violated and Defendant Harris has not protected Plaintiff from harm of other residents and staff. Dkt. 9 at 7, 8.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. *Farmer*, 511 U.S. at 834. *See Padilla,* 678 F.3d at 759 (court decisions which define the constitutional rights of prisoners can be relied upon to establish a floor for the constitutional rights of those who are civilly detained as sexually violent predators). Prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners. *Farmer*, 511 U.S. at 833. However, not every injury suffered by a prisoner at the hands of another is a violation of a prisoner's constitutional rights. *Farmer*, 511 U.S. at 834.

In cases alleging a constitutional violation based on a failure to prevent harm, the plaintiff must first meet an objective component by showing "he is incarcerated under conditions posing a

SECOND ORDER TO SHOW CAUSE OR AMEND
- 4

substantial risk of serious harm." *Id.*; *see Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010). The plaintiff must also meet a subjective component by showing the prison official acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[A] claim that a prisoner's confinement violate[s] the Eighth Amendment requires an inquiry into the prison officials' state of mind."). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832; *see Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). A prison "official's failure to alleviate a significant risk he should have perceived but did not," therefore, cannot "be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Here, aside from Plaintiff's conclusory allegation Defendants failed to protect him, he alleges no facts from which this Court may discern his safety was at risk or he was harmed when his room was searched. In addition, Plaintiff has not alleged any facts demonstrating how Defendants acted with deliberate indifference or how Defendants were made aware of facts from which they could draw the inference that there was a substantial risk of harm to Plaintiff.

Accordingly, the Court finds Plaintiff has failed to state claim under the Eighth Amendment. If Plaintiff wishes to pursue this claim, he must provide a second amended complaint with a short, plain statement explaining exactly what harm or serious risk of harm he suffered and what actions were taken by the named Defendants to show deliberate indifference to a risk of harm.

C.     **Due Process – Deprivation of Property**

Plaintiff alleges his computer was confiscated without adherence to due process. *See* Dkt. 9. Plaintiff alleges DSHS policies were intentionally ignored and an investigation was not conducted when he was retaliated against. *Id.* at 9. Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v. McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds*, *Sandin v Conner*, 515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May,* 502 F.2d 728, 730 (9th Cir.1974). However, only an authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. *Id.* at 534. The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees by allowing for a suit in Superior Court once a person has completed the state's tort claim process. *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (1986).

Based on the allegations in Plaintiff's Amended Complaint, the deprivation of Plaintiff's computer could be determined to be an unauthorized deprivation of property. However, since the State of Washington provides a post-deprivation remedy for the alleged action, Plaintiff has not alleged a viable claim for relief.

SECOND ORDER TO SHOW CAUSE OR AMEND
- 6

#### D. Fourth Amendment – Search of Room

Plaintiff alleges his room was searched without probable cause and he was then strip searched by Defendant Devos. Dkt. 9 at 5. Plaintiff alleges the search was based on "word of mouth." *Id.*

The Fourth Amendment prohibition on unreasonable searches can be applied to civil detainees. *See Hydrick,* 500 F.3d at 993 (citing *Thompson v. Souza,* 111 F.3d 694, 699 (9th Cir. 1997)). *See also Hoch v. Mayberg,* 2014 WL 2091244 at *2 (E.D. Cal. May 14, 2014); *Bell v. Wolfish,* 441 U.S. 520, 558 (1979); *Byrd v. Maricopa County Sheriff's Office,* 629 F.3d 1135, 1140 (9th Cir. 2011); *Michenfelder v. Sumner,* 860 F.2d 328, 332 (9th Cir. 1988). For the Fourth Amendment to apply, there must be a "reasonable expectation of privacy in the area invaded." *Espinosa v. City and County of San Francisco,* 598 F.3d 528, 533 (9th Cir. 2010); *Hudson v. Palmer,* 468 U.S. 517, 525 (1984); *Bell v. Wolfish,* 441 U.S. 520, 556–57 (1979). A search will violate a civilly detained sexually violent predator's Fourth Amendment rights if it is " 'arbitrary, retaliatory, or clearly exceeds the legitimate purpose of detention.' " *Meyers v. Pope,* 303 F. App'x 513, 516 (9th Cir. 2008) (quoting *Hydrick,* 500 F.2d at 993).

Other district courts which have considered this issue have held civil detainees do not have a reasonable expectation of privacy in their rooms. *See Griego v. Allenby,* 2012 WL 4670803, at *3 (E.D. Cal. Oct. 3, 2012) (citing *Bell,* 441 U.S. at 557) (collecting cases; holding a civilly committed individual has a diminished expectation of privacy and it did not encompass an expectation of privacy in remaining free from suspicion-based contraband searches). *See also Rainwater v. Bell,* 2012 WL 3276966, at *11 (E.D. Cal. Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable expectation of privacy in his jail cell); *Stearns v. Stoddard,* 2012 WL 1596965, at *3 (W.D.Wash. Apr.11, 2012) (recognizing that

whether a civil detainee housed in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), *report and recommendation adopted in full*, 2012 WL 1597305 (W.D. Wash. May 7, 2012).

Plaintiff alleges his room was searched without probable cause and he was then strip searched by Defendant Devos. Dkt. 9 at 5. However, Plaintiff has not shown he has a reasonable expectation of privacy in his room at SCC under the Fourth Amendment. *See Griego,* 2012 WL 4670803 at *3; *Rainwater,* 2012 WL 3276966 at *11. Moreover, Plaintiff alleges Defendants are targeting Plaintiff because the investigation was done based on "word of mouth," *see* Dkt. 9 at 6-7. However, Plaintiff has failed to allege how the search of his room and strip search were "arbitrary, retaliatory, or clearly exceed[] the legitimate purpose of detention." *Meyers,* 303 Fed. App'x. at 516.

Accordingly, the Court finds Plaintiff has failed to state claim under the Fourth Amendment. If Plaintiff wishes to pursue this claim, he must provide a second amended complaint with a short, plain statement explaining exactly what actions were taken by an individual Defendant, and facts, if any, showing how he has a reasonable expectation of privacy in his SCC room and how the search of his room and strip search were arbitrary, retaliatory, or clearly exceeded a legitimate purpose of detention or civil commitment.

### E. First Amendment – False Accusations and Documents

Plaintiff alleges Defendant Harris has allowed false accusations to cause an assassination of Plaintiff's character. Dkt. 9 at 7. Plaintiff alleges Defendant Harris "falsified documents in support of her findings of the fraudulent investigation she did not conduct." *Id.* at 9.

First, a prisoner has no interest in freedom from false disciplinary accusations. *Hines v. Gomez,* 108 F.3d 265, 268–69 (9th Cir. 1997). *See Padilla,* 678 F.3d at 759 (decisions which define the constitutional rights of prisoners can be relied upon to establish a floor for the constitutional rights of those who are civilly detained as sexually violent predators); *Hydrick,* 500 F.3d at 989 n. 7 (same). *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); *Freeman v. Rideout,* 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); *Hanrahan v. Lane,* 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections ... are provided.").

Here, Plaintiff does not allege specific facts establishing what the false accusations or documents are or how his character has been impacted. *See* Dkt. 9. Because false accusations, standing alone, do not state a constitutional claim, the Court finds Plaintiff has failed to state a claim based on the mere allegation Defendants falsely accused him or falsified documents.

**F.    First Amendment – Retaliation**

First, Plaintiff alleges Defendants retaliated against him after he requested his attorney interview and inquire why Defendants denied Plaintiff's due process and equal protection rights. Dkt. 9 at 8, 9. Second, Plaintiff alleges SCC staff retaliated against him when they unlawfully ignored policies and failed to conduct an investigation. *Id.* at 9.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005). Inmates have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights. *Watison v. Carter,* 668 F.3d 1108, 1115 (9th Cir. 2012); *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir.1995).

Plaintiff has not sufficiently alleged facts supporting his claims of retaliation. Although Plaintiff makes the conclusory allegation he was retaliated against for speaking with his attorney, which could constitute protected conduct, Plaintiff has not alleged an adverse action was taken by any of the named Defendants, how Defendants' actions chilled his speech, or how Defendants' alleged actions were arbitrary and capricious, or unnecessary. With respect to Plaintiff's allegation policies were ignored and he was retaliated against, he has failed to allege Defendants' actions were taken in retaliation for any protected conduct, how Defendants actions chilled the exercise of his First Amendment rights or how Defendants actions were arbitrary, capricious, or unnecessary.

Accordingly, the Court finds Plaintiff has failed to state a retaliation claim under the First Amendment. If Plaintiff wishes to pursue a retaliation claim under the First Amendment, he must provide a second amended complaint with a short, plain statement explaining exactly what actions were taken by an individual Defendant, how each Defendants' actions violated plaintiff's constitutional rights, facts showing a nexus between the alleged retaliatory action and

Defendants conduct, how Defendants' actions chilled his speech and whether the alleged retaliatory actions did not reasonably advance a legitimate penological goal.

### G.     Equal Protection

Plaintiff alleges Defendants treated him differently from other residents who have been approved to have computers. Dkt. 9 at 8. Plaintiff alleges Defendants "excuses" and "actions" were unreasonable and unwarranted as Plaintiff "cannot d [sic] his treatment assignment which is what plaintiff brought his computer for and be a pro se litigant." Dkt. 9 at 8. In a separate section of his First Amended Complaint, Plaintiff alleges Defendants treated Plaintiff differently because he was not allowed a fair investigation. *Id.* at 9.

Generally, "[t]o state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with intent to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). " 'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Navarro v. Block,* 72 F.3d 712, 716 n. 5 (9th Cir. 1995) (quoting *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 279 (1979)). Some of the evidence that can establish discriminatory intent includes the "historical background of the decision ... particularly if it demonstrates there has been a series of official actions taken for invidious purposes ...." *Id.* at 716 (citation omitted) (internal quotation marks omitted). The mere fact that a facially neutral policy has a "foreseeably disproportionate impact" on a protected group, without more, does not rise to the level of an equal protection violation. *Lee,* 250 F.3d at 687.

Plaintiff claims he was discriminated against because he was not allowed to have a computer and a fair investigation. *See* Dkt. 9. However, aside from Plaintiff's conclusory allegation he has suffered discrimination, his First Amended Complaint lacks any facts in support of his contention. First, Plaintiff has failed to allege facts showing he is a member of a protected class. *See e.g. Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (Prisoners are also protected by the Equal Protection Clause from intentional discrimination on the basis of their religion). Moreover, Plaintiff has not alleged facts showing Defendants intended to discriminate against him.

Accordingly, Plaintiff fails to state an equal protection claim under the Fourteenth Amendment. If Plaintiff wishes to pursue an equal protection claim under the Fourteenth Amendment, he must provide a second amended complaint with a short, plain statement explaining whether he is the member of a protected class and facts, if any, showing how Defendants intentionally discriminated against him.

**H.     Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve the Plaintiff's First Amended Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of

1  Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the

2  individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

3        Plaintiff shall present the second amended complaint on the form provided by the Court.

4  The second amended complaint must be legibly rewritten or retyped in its entirety, it should be

5  an original and not a copy, it should contain the same case number, and it may not incorporate

6  any part of the Original Complaint or First Amended Complaint by reference. The second

7  amended complaint will act as a complete substitute for the Original Complaint and First

8  Amended Complaint, and not as a supplement.  An amended complaint supersedes the original

9  complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on*

10 *other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the second

11 amended complaint must be complete in itself and all facts and causes of action alleged in the

12 Original Complaint and First Amended Complaint that are not alleged in the second amended

13 complaint are waived.  *Forsyth,* 114 F.3d at 1474. The Court will screen the second amended

14 complaint to determine whether it contains factual allegations linking each Defendant to the

15 alleged violations of Plaintiff's rights. The Court will not authorize service of the second

16 amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's

17 rights.

18       If Plaintiff fails to file a second amended complaint or fails to adequately address the

19 issues raised herein on or before June 20, 2016, the undersigned will recommend dismissal of

20 this action as frivolous pursuant to 28 U.S.C. § 1915.

21       The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

22 civil rights complaint and for service. The Clerk is further directed to send copies of this Order

23 and Pro Se Instruction Sheet to Plaintiff.

24

1 | Dated this 20th day of May, 2016.

*[signature]*
David W. Christel
United States Magistrate Judge